**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| HARRY ANDUZE-MONTAÑO<br><br>Plaintiff<br><br>v.<br><br>HON. ROBERT F. KENNEDY, SECRETARY<br>THE UNITED STATES DEPARTMENT<br>HEALTH AND HUMAN SERVICES<br><br>Defendants | CIVIL NO.<br><br>MAC Docket No. M-22-6265<br><br>OMHA Appeal No. 3-10399766747 |

**COMPLAINT FOR JUDICIAL REVIEW OF FINAL DECISION OF
THE SECRETARY OF HEALTH AND HUMAN SERVICES**

TO THE HONORABLE COURT:

Comes now plaintiff, HARRY ANDUZE-MONTAÑO ("Mr. Anduze"), through the undersigned counsel, and respectfully STATES, ALLEGES and PRAYS:

**I.      NATURE OF THE ACTION**

1.1     The present action requests a judicial review of a final decision of the Secretary of the United States Department of Health and Human Services ("the Secretary"), rendered via the Medicare Appeals Council ("the Council") on March 26th, 2026. The Council denied Mr. Anduze's claim for Madicare Part B coverage of medically necessary fixed-wing air ambulance transportation provided on December 19th, 2018.

1.2     Mr. Anduze seeks judicial review pursuant to Section 1869(b) of the Social Security Act, 42 U.S.C. § 1395ff(b), which incorporates the judicial review provisions of 42 U.S.C. § 405(g).

1.3     Mr. Anduze seeks a reversal of the final decision and an order directing payment of the full amount in controversy, $50,772.60, that was paid by Plaintiff for the air ambulance transport

that allowed doctors at Cleveland Clinic to save his life.  In the alternative, Mr. Anduze seeks reversal and an order directing reimbursement of what Medicare would have paid for transport to the nearest hospital outside of Puerto Rico capable of providing the required level and care.

## II.    JURISDICTION AND VENUE

2.1    The Court has subject-matter jurisdiction over this action pursuant to Section 1869(b)(1)(A) of the Social Security Act, 42 U.S.C. § 1395ff(b)(1)(A), and 42 U.S.C. § 405(g).

2.2    The amount in controversy of $50,772.60 greatly exceeds the $1,960.00 threshold required for judicial review and established in 42 U.S.C. § 1395ff(b)(1)(E)(i) and the corresponding annual amount-in-controversy threshold for calendar year 2026.

2.3    Venue is proper in this district pursuant to 42 U.S.C. § 405(g) as Mr. Anduze resides in the District of Puerto Rico.

2.4    Furthermore, the complaint is filed within sixty (60) days of Mr. Anduze's receipt of the Council's Notice of Decision, in accordance with 42 U.S.C. § 405(g) and 42 C.F.R. § 405.1130 and thus is timely. The Notice of Decision was mailed on March 26, 2026, and is presumed to be received within five (5) days in accordance with 42 C.F.R. § 405.1136(c)(2). *See* **Exhibit 1**.

## III.    PARTIES

3.1    Mr. Anduze is a Medicare beneficiary (No. 9F91NP0QN80) who at all relevant times resided, and continues to do so, in San Juan, Puerto Rico.

3.2    Defendant is Hon. Robert F. Kennedy, Secretary of the United States Department of Health and Human Services, in his official capacity. The Secretary is responsible for administrating the Medicare program, including the adjudication of claims for Medicare benefits and the issuance of final decisions via the Medicare Appeals Council.

## IV.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

4.1   Mr. Anduze has exhausted all administrative remedies prior to the filing of this complaint.

4.2   On December 19th, 2018, AAG Global, LLC, provided fixed-wing air ambulance transportation to Mr. Anduze from Puerto Rico to the Cleveland Clinic in Cleveland, Ohio. Mr. Anduze paid AAG Global, LLC, $50,772.60 in advance for such services.

4.3   Mr. Anduze submitted a claim for Medicare Part B coverage of such transportation, billed under Healthcare Common Procedure Coding System ("HCPCS") code A0999.

4.4   The Medicare contractor, First Coast Service Options, Inc. ("First Coast"), denied the claim at the initial determination stage on the ground that additional documentation was required.

4.5   Mr. Anduze petitioned for a reconsideration of the initial decision, which was upheld by First Coast, citing insufficient documentation.

4.6   Mr. Anduze then filed a petition for reconsideration before the Qualified Independent Contractor ("QIC"). The QIC upheld the denial, finding that the record allegedly lacked information as to whether Mr. Anduze had been transported to the nearest appropriate facility. The QIC also determined that the provider, AAG Global, LLC, was liable for the non-covered cost.

4.7   Mr. Anduze then requested a hearing before an Administrative Law Judge ("ALJ"). On February 24th, 2022, the ALJ issued a decision adopting the QIC's reasoning and concluding that the air ambulance transport was not covered under Medicare Part B.

4.8     Mr. Anduze, through the undersigned, sought review by the Medicare Appeals Council on the grounds that the transport was medically necessary and that Cleveland Clinic was the nearest hospital capable of furnishing the required level and type of care.

4.9     On March 26th, 2026, the Council issued a final decision adopting the ALJ's decision, Docket No. M-22-6265. The Council's decision constitutes the Secretary's final decision for purposes of judicial review under 42 U.S.C. § 405(g).

## V.     FACTUAL ALLEGATIONS

5.1     On December 14, 2018, Mr. Anduze was admitted to Pavia Hospital in San Juan, Puerto Rico, for treatment of acute bacterial endocarditis. While hospitalized, Mr. Anduze also suffered a significant edema and an aneurysmal rupture that required immediate surgical repair.

5.2     Mr. Anduze's condition deteriorated rapidly during his hospitalization at Pavia Hospital. As a result, his treating physician, Dr. Fernando Luis Lapetina-Irizarry, MD, FACS ("Dr. Lapetina"), determined that Mr. Anduze required (a) a complex left lower extremity surgical intervention, (b) followed by mitral valve replacement, and (c) aortic valve replacement.

5.3     The surgical procedures required by Mr. Anduze, a complex combination of vascular and double valve-replacement surgery in a patient with active bacterial endocarditis, were not available at Pavia Hospital or at any other hospital in Puerto Rico.

5.4     Dr. Lapetina determined that, given the gravity, complexity, and combination of Mr. Anduze's conditions, the only facility capable of providing the required level and type of care was Cleveland Clinic in Cleveland, Ohio. Dr. Lapetina executed a Certificate of Medical Necessity for Air Transport to that effect.

5.5     Dr. Lapetina further concluded that Mr. Anduze's medical condition was such that any means of transportation other than air ambulance was inadvisable, and that without immediate air ambulance transport Mr. Anduze would have died.

5.6     On December 19th, 2018, Dr. Lapetina arranged for Mr. Anduze's emergency transport from Pavia Hospital to the Cleveland Clinic via fixed-wing air ambulance provided by AAG Global, LLC.

5.7     Upon arrival at the Cleveland Clinic, Mr. Anduze underwent the surgical procedures that Dr. Lapetina had determined were medically necessary to save his life. However, in order to arrive at Cleveland Clinis, Mr. Anduze paid AAG Global, LLC, $50,772.60 in advance for the air ambulance transportation. Payment in advance was necessary as AAG Global, LLC, is not an enrolled Medicare provider and required prepayment to render immediate emergency services.

5.8     Mr. Anduze thereafter submitted a claim for Medicare Part B reimbursement of the air ambulance services under HCPCS code A0999, accompanied by, amongst other documents, the Certificate of Medical Necessity for Air Transport, a letter from Dr. Lapetina dated June 15th, 2020, the medical records from Pavia Hospital, and the invoice from AAG Global, LLC.

## VI.     APPLICABLE LEGAL STANDARD

6.1     Section 1861(s)(7) of the Social Security Act, 42 U.S.C. § 1395x(s)(7), authorizes Medicare coverage of ambulance services, including air ambulance services. *See also* 42 U.S.C. § 1395m(h)(1)(I)(14)(C).

6.2     In accordance with 42 C.F.R. § 410.40(d), Medicare covers fixed-wing and rotary-wing air ambulance services when provided to a beneficiary whose medical condition is such that other means of transportation can pose a risk or are contraindicated.

6.3     According to 42 C.F.R. § 410.40(e), Medicare covers ambulance transport "to the nearest hospital, critical access hospital, or skilled nursing facility that is capable of furnishing the required level and type of care for the beneficiary's illness or injury."

6.4     The Medicare Benefit Policy, CMS Pub. 100-02, Ch. 10, § 10.3.2 and § 10.4.4, provides that, for institution-to-institution transports, air ambulance transport is covered when the transferring hospital does not have adequate facilities to provide the medical services needed by the patient.

6.5     The "nearest appropriate facility" inquiry under 42 C.F.R. § 410.40(e) must be applied considering the specific level and type of care required by the beneficiary's particular illness or injury.

## VII.    COUNCIL'S FINAL DECISION

7.1     On March 26th, 2026, the Council adopted the ALJ's determination that the December 19th, 2018, air ambulance transport was not covered under Medicare Part B.

7.2     The Council did not dispute that Mr. Anduze's medical condition was such that other means of transportation were contraindicated. Neither did the Council dispute that the surgical procedures required by Mr. Anduze were not available at Pavia Hospital or otherwise in Puerto Rico.

7.3     However, the Council concluded that the record contained insufficient documentation to demonstrate that the Cleveland Clinic was the nearest hospital capable of furnishing the required level and type of care for Mr. Anduze's illness. The Council

further declined to address Mr. Anduze's alternative request for reimbursement of what

Medicare would have paid for transport to the closest appropriate facility, reasoning that

no factual finding could be made on that point on the existing record.

7.4    The Council adopted the ALJ's determination that AAG Global, LLC, the

provider, is liable for the non-covered charge and may not bill or collect from Mr. Anduze.

Mr. Anduze does not seek review of that aspect of the decision; however, Mr. Anduze

has paid the charges in advance and is entitled to reimbursement of the amounts paid for

any covered services.

## VIII.    CLAIMS FOR RELIEF

### Count I
### Reversal of the Secretary's Determination that Cleveland Clinic Was Not the Nearest Appropriate Facility Is Not Supported by Substantial Evidence

8.1    Mr. Anduze incorporates by reference all the previous allegations of the Complaint.

8.2    Under 42 U.S.C. § 405(g), the Secretary's findings of fact are conclusive only if

supported by substantial evidence on the record as a whole. Substantial evidence is such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

8.3    The administrative record contains the determination of Mr. Anduze's vascular

surgery, mitral valve replacement, and aortic valve replacement required by a patient with active

bacterial endocarditis.

8.4    The administrative record contains the medical records from Pavia Hospital

documenting the rapid deterioration of Mr. Anduze's condition and the unavailability of the

required combination of surgical services in Puerto Rico.

8.5    The administrative record contains the records from the Cleveland Clinic documenting that Mr. Anduze in fact underwent the exact combination of procedures that Dr. Lapetina-Irizarry had identified as necessary.

8.6    Taken as a whole, the record supports only one reasonable conclusion: that the Cleveland Clinic was the nearest hospital capable of furnishing the required level and type of care for Mr. Anduze's specific combination of conditions.

8.7    The Secretary's contrary determination is not supported by substantial evidence and must be reversed.

## COUNT II
### Reversal: The Secretary Misapplied the "Nearest Appropriate Facility" Standard Under 42 C.F.R. § 410.40(e) and the Medicare Benefit Policy Manual

8.8    Mr. Anduze incorporates by reference all the allegations set forth in the previous paragraphs.

8.9    The "nearest appropriate facility" inquiry under 42 C.F.R. § 410.40(e) and the MBPM, Ch. 10, §§ 10.3.2 and 10.4.4, requires consideration of the specific level and type of care that the beneficiary's medical condition requires.

8.10    Mr. Anduze's medical condition required not generic cardiac, vascular, or surgical care, but rather integrated, urgent surgical procedures consisting of complex lower-extremity vascular surgery followed by mitral and aortic valve replacement in a patient with active bacterial endocarditis.

8.11    The Secretary erred as a matter of law by treating the absence of an explicit administrative recital of the "nearest appropriate facility" as dispositive, rather than evaluating whether the medical record, taken as a whole, demonstrated that the

Cleveland Clinic was the nearest hospital capable of providing the integrated level and type of care required.

8.12    The Secretary's misapplication of the governing legal standard is reviewable de novo and warrants reversal.

## COUNT III
### Reversal or Remand: The Secretary's Failure to Address Plaintiff's Alternative Request for Reimbursement of the Cost of Transport to the Nearest Appropriate Facility

8.13    Mr. Anduze incorporates by reference all the allegations set forth in the previous paragraphs.

8.14    Mr. Anduze timely raised before the Council an alternative request for reimbursement of the amount Medicare would have paid for transport to the closest hospital outside Puerto Rico capable of furnishing the required level and type of care.

8.15    The Council declined to address that alternative request on the merits, stating that the record did not permit the Council to make such a finding.

8.16    Where the agency has identified a record-development gap on an issue squarely presented by the beneficiary, the agency must develop the record or remand for that purpose, rather than deny relief on the ground that the gap exists.

8.17    The Secretary's refusal to address Mr. Anduze's alternative request for partial reimbursement was arbitrary, capricious, and contrary to law, and warrants reversal or, at a minimum, remand for further proceedings.

## COUNT IV
### Reversal or Remand: Failure to Develop the Administrative Record

8.18    Mr. Anduze incorporates by reference all the allegations set forth in the previous paragraphs.

8.19    The Secretary, through the Medicare contractor, the QIC, the ALJ, and the Council, has a duty to develop a complete administrative record sufficient to permit a reasoned coverage determination.

8.20    To the extent the Secretary determined that the record did not permit a finding as to the nearest appropriate facility, the Secretary was required to develop the record on that issue or to provide Mr. Anduze a meaningful opportunity to do so before denying the claim.

8.21    The Secretary failed to do so. That failure warrants reversal or remand for further development of the record.

**WHEREFORE**, Mr. Anduze respectfully requests that this Honorable Court enter judgment in his favor and against the Secretary of the United States Department of Health and Human Services as follows:

1.  Reversing the Secretary's final decision of March 26th, 2026, in MAC Docket No. M-22-6265 / OMHA Appeal No. 3-10399766747;

2.  Ordering the Secretary to provide Medicare Part B coverage of the air ambulance transportation furnished to Mr. Anduze on December 19th, 2018, under HCPCS code A0999, in the amount of $50,772.60, together with applicable interest;

3.  In the alternative, ordering the Secretary to reimburse Mr. Anduze in an amount equal to what Medicare would have paid for fixed-wing air ambulance transport to the nearest hospital outside Puerto Rico capable of furnishing the required level and type of care for Plaintiff's medical condition;

4.  In the further alternative, remanding this matter to the Secretary for further proceedings consistent with this Court's order;

5.  Awarding Mr. Anduze his costs and reasonable attorneys' fees as permitted by law,

including, where applicable, fees under 28 U.S.C. § 2412; and

6.  Granting such other and further relief as the Court deems proper.

Respectfully submitted.

In San Juan, Puerto Rico this 26th day of May 2026.

**I HEREBY CERTIFY**:  that I electronically filed the foregoing with the Clerk of the Court

using the CM/ECF system and that copies will be served by certified mail, return receipt

requested, upon (i) the General Counsel, U.S. Department of Health and Human Services, 200

Independence Avenue, S.W., Washington, D.C. 20201; (ii) the United States Attorney for the

District of Puerto Rico; and (iii) the Attorney General of the United States, in accordance with

Rule 4(c) and (i) of the Federal Rules of Civil Procedure and 45 C.F.R. § 4.1.

*s/ Diego Corral González*
Diego Corral González- 305712
1250 Ave. Ponce de León
Edificio San José Suite 805
San Juan, PR  00907
Tel.  (787) 723-7171
E-mail: corraldieg@gmail.com
          dcorral@rnclawpr.com